# THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **Ronald Satish Emrit,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | **Case No. 2:26-cv-12 DBB-DBP** |
| **v.** | **District Judge David B. Barlow** |
| **Snoop Doggy Dogg, et al.** | **Magistrate Judge Dustin B. Pead** |
| **Defendants.** | |

Previously the court temporarily granted Plaintiff's Motion for Leave to Proceed in forma pauperis and after considering the Complaint ordered Plaintiff to file an Amended Complaint.[1] Plaintiff has failed to file an Amended Complaint and this case should be dismissed.

## BACKGROUND

Pro se Plaintiff Ronald Emrti brings this matter against a number of Defendants seeking "45 million dollars against all of the defendants for public nuisance, industrial espionage, and tortious interference with business relations/ contracts."[2] Plaintiff's Complaint notes he lives in the East Coast State of Maryland with a Nevada driver license and went to high school in Washington, DC with Don Quayle's sons Tucker and Ben.[3] Mr. Emrit lists other cases he has filed claiming he is an "urban legend" for certain matters he has filed. Among these cases are ones against Kim Kardashian, and Presidents William Clinton and Donald Trump.

---

[1] ECF No. 4.

[2] Complaint at 1.

[3] *See id.* at 2.

Plaintiff then turns to the current Defendants that include *inter alia*, Snoop Doggy Dogg (Marijuana Smoke named Calvin Broadus), NBC, Comcast, Sunday night football, the National Football League, Jay-Z, Dr. Dre, the 21st Super Bowl halftime show, and Bad Bunny. The allegations surrounding these Defendants is a free form narrative consisting of allegations of bad relationships such as between Snoop Doggy Dogg and Martha Stewart, NBC network being hated by the Trump administration, and Arizona being the only state that originally denied the Martin Luther King holiday. For good measure, Plaintiff also provides he is

> currently working on backwards time travel (BTT) involving closed-time like curves (CTC's), exotic matter, and Faster Than Light Travel (FTL) through wormholes and white holes traveling faster than speed of light and going backwards in time which the plaintiff compares to the Indiana Jones movie involving the "Dial of Destiny" and Archimedes trying to get someone from the future to help the Greeks at Syracuse defeat the Romans[4]

Emrit concludes his Complaint bringing claims for public nuisance, industrial espionage, intentional infliction of emotional distress and tortious interference with business relationships.

### STANDARD OF REVIEW

1.    **Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious

---

[4] Complaint at 10.

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

suits under Federal Rule of Civil Procedure 11."[6] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[8] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[9]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[10] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable inferences in the Plaintiffs' favor.[11] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[6] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[7] *Id.*

[8] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employe for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[9] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[10] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[11] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

that is plausible on its face.'"[12] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[14]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[15] and further provides that "[e]ach allegation must be simple, concise, and direct."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[17] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[18]  The

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[13] *Id.*

[14] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[15] Fed. R. Civ. P. 8(a)(2).

[16] Fed. R. Civ. P. 8(d)(1).

[17] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[18] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[19]

### 2. Pro Se Litigant

As a pro se litigant, the court construes Plaintiff's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[20] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[21] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[23] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[24]

### DISCUSSION

Even under the broad pleading standard given to pro se litigants, Plaintiff's Complaint is frivolous and fails to state a claim for relief. The IFP Statute permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[25] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an

---

[19] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[20] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[22] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[23] *Hall*, 935 F.2d at 1110.

[24] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[25] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

arguable basis either in law or in fact [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[26]

The Complaint here is frivolous as it lacks an arguable basis in either law or fact and is based on fanciful factual allegations. Thus, it should be dismissed. In addition, the Complaint fails to meet the Rule 12(b)(6) standards set forth above to avoid dismissal. In short, the Complaint does not contain sufficient facts to state a claim for relief that is plausible on its face.

Finally, the undersigned notes that Mr. Emrit has been involved as a pro se Plaintiff utilizing the IFP statute in nine cases.[27] Many of these cases have been dismissed for lack of jurisdiction, or improper venue. Plaintiff has been notified of venue requirements but continues to improperly file suits in this District.[28] Couple this continued misuse of court resources with the frivolous nature of this suit and another recent suit filed by Plaintiff, and it is apparent Plaintiff is abusing the judicial system or process in this district.[29]

"'[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'"[30] "No one, rich or poor, is entitled to abuse the judicial process."[31] Moreover,

---

[26] *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

[27] *See Emrit v. PCM Venture 1 et al.*, Case no. 2:15-cv-366 DN; *Emrit v. Montevista Mental Hospital*, Case No. 2:18-cv-833 BSJ; *Emrit v. Apple Grove Foster Care Agency*, Case No. 2:18-cv-901 CW; *Emrit v. The Grammys Awards on CBS*, Case no. 2:24-cv-22 DAK; *Emrit v. Musk et al.*, Case No. 2:25-cv-25 RJS; *Emrit v. United States Patent and Trademark Office et al.*, Case No. 2:25-cv-723 DBB; *Emrit v. Burnett et al.* 2:25-cv-12 AMA DBP; *Emrit v. Snoop Doggy Dogg et al.*, 2:26-cv-12 DBB DBP; *Emrit v. Obama et al.*, 2:26-cv-207 HCN DBP.

[28] *See Emrit v. The Grammys Awards on CBS*, Case no. 2:24-cv-22 DAK, Report and Recommendation at 3, ECF No. 8.

[29] *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (noting the requirements to restrict further filings).

[30] *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989)).

[31] *Tripati v. Beaman*, 878 F.2d 351, 353, 1989 WL 73178 (10th Cir. 1989).

federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.[32] Injunctions restricting further filing are appropriate where (1) "the litigant's abusive and lengthy history" is set forth; (2) the court provides guidelines as to what the litigant "must do to obtain permission to file an action"; and (3) the litigant received "notice and an opportunity to oppose the court's order before it is instituted."[33]

The undersigned recommends that the District Judge consider implementing filing restrictions against Mr. Emrit due to his misuse of court resources, failure to properly file suits after being notified of requirements, and now, filing frivolous matters.

## REPORT AND RECOMMENDATION

For the reasons set forth above, in the court's prior order temporarily granting Plaintiff's in forma pauperis motion, and based upon Plaintiff's failure to file an amended complaint as ordered, the undersigned RECOMMENDS that Plaintiff's case be Dismissed for being frivolous and failing to state a claim. Further, it is RECOMMENDED that the District Judge implement filing restrictions for Mr. Emrit based on his history of litigation in this district.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[34] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de

---

[32] *See id.*, 878 F.2d at 352.

[33] *Id.* at 353–54.

[34] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

novo review by the district court of for appellate review."[35] Failure to object may constitute a

waiver of the objections upon subsequent review.


DATED this 15 June 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[35] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).