UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RONALD SATISH EMRIT, <br><br> Plaintiff, <br><br> v. <br><br> SNOOP DOGGY DOGG, et al, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [10] REPORT AND RECOMMENDATION** <br><br> Case No. 2:26-cv-00012-DBB-DBP <br><br> District Judge David Barlow |

Before the court is a magistrate judge Report and Recommendation recommending that Plaintiff Ronald Satish Emrit's claims be dismissed as frivolous and for failure to state a claim.[1]

**BACKGROUND**

On January 6, 2026, Mr. Emrit filed his *pro se* complaint against numerous celebrity defendants and other organizations and entities, including Snoop Dogg, the State of Arizona, NBC, Peacock, the United States Olympic Committee, the NFL, Kendrick Lamar, and the "Super Bowl Halftime Show," to name a few.[2] The magistrate judge noted that the allegations in the complaint are frivolous and ordered Plaintiff to file a non-frivolous amended complaint by February 6, 2026.[3] Plaintiff then filed a notice of appeal with the Tenth Circuit on the grounds that the Grammy music awards are "out of style," that a blogger's article about the complaint in

---

[1] Report and Recommendation ("R&R") 7, ECF No. 10, entered June 15, 2026.
[2] Compl., ECF No. 1, filed Jan. 6, 2026.
[3] Order to Amend, ECF No. 4, entered Jan. 7, 2026.

1

this case was inaccurate, and that other cases filed by Plaintiff against celebrity defendants were presided over by other judges.[4] That appeal was dismissed for lack of prosecution.[5]

Plaintiff never amended his complaint. The magistrate judge concluded that Mr. Emrit's complaint includes only frivolous claims against various celebrity defendants and is largely "a free form narrative consisting of allegations of bad relationships such as between Snoop Doggy Dogg and Martha Stewart, [the] NBC network being hated by the Trump administration, and Arizona being the only state that originally denied the Martin Luther King holiday."[6] The magistrate judge found that, because Mr. Emrit has filed nine separate cases that have been dismissed as frivolous or for improper venue, filing restrictions against Mr. Emrit are also appropriate in addition to dismissal.[7] The magistrate judge gave Plaintiff notice of his right to object to the report and recommendation within 14 days pursuant to 28 U.S.C. § 636(b)(1).[8] Mr. Emrit failed to do so.

## STANDARD

### Objections

A party may file specific written objections to a magistrate judge report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition."[9] "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[10] But "the failure to make timely objections to

---

[4] Notice of Appeal, ECF No. 6, filed Feb. 17, 2026.
[5] Mandate, ECF No. 9, entered Mar. 17, 2026.
[6] *Id.* at 2; *see generally* Compl.
[7] R&R 6–7.
[8] *Id.* at 7–8.
[9] Fed. R. Civ. P. 72(b)(2).
[10] Fed. R. Civ. P. 72(b)(3).

2

the magistrate's findings or recommendations waives appellate review of both factual and legal questions."[11]

**Restricted Filing**

"A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[12] "Litigiousness alone will not support an injunction restricting filing activities," but "injunctions are proper where the litigant's abusive and lengthy history is properly set forth."[13] "For a restriction on further filing to be appropriate, the court must (1) provide the litigant with notice and opportunity to be heard; (2) set forth 'the litigant's lengthy and abusive history' and (3) provide 'guidelines as to what the litigant may do to obtain . . . permission to file an action.'"[14]

**DISCUSSION**

I.      **Dismissal**

Because Plaintiff did not object to the magistrate judge report and recommendation, the court reviews it for clear error.[15] Having done so, the court finds that the magistrate judge's analysis and conclusions are sound, and no clear error appears on the face of the record. The complaint is frivolous and fails to state any cause of action. For example, Plaintiff seeks an injunction "mandating the racist state of Arizona rename the Snoop Doggy Dogg Bowl to the Martin Luther King, Junior Bowl" as well as $45 million in damages.[16] He supports his claims

---

[11] *United States v. One Parcel of Real Prop., 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[12] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam).

[13] *Id.* at 353.

[14] *In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (alteration in original).

[15] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023).

[16] Compl. 14.

with assertions relating to time travel,[17] his high school acquaintanceship with "Don Quale's" children,[18] his music career,[19] and his previous litigation against the NFL.[20] These allegations are frivolous and are insufficient to state a claim.

## II.      Filing Restrictions

The magistrate judge also recommends that the court consider implementing filing restrictions against Mr. Emrit.[21] The court begins its analysis by setting forth Mr. Emrit's "lengthy and abusive history" of litigation.[22] As the magistrate judge notes, Mr. Emrit has filed ten cases in this district utilizing the IFP statute.[23] Each of those cases includes claims that are frivolous, asserted in the incorrect venue, or both. For example, Mr. Emrit has demanded $500 billion from Elon Musk and Representative Mike Johnson for making budget cuts,[24] $500 billion from the United States Patent and Trademark Office for failing to patent his theories about black holes and their relationships to "Judeo-Christian Heaven" and certain NFL quarterbacks,[25] and $500 billion from former President Barack Obama for industrial espionage.[26] These cases, along with each other case that Plaintiff has filed in this court, demonstrate a clear history of frivolous and abusive litigation. Filing restrictions against Mr. Emrit are appropriate.

---

[17] *Id.* ¶¶ 58–59.
[18] *Id.* ¶ 1.
[19] *Id.* ¶¶ 11–15.
[20] *Id.* ¶¶ 2–4.
[21] R&R 7.
[22] *See In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008).
[23] *See* R&R 6 n.27 (collecting nine cases); *see also Emrit v. Carpenter*, No. 2:26-cv-00555-DBP (filed after the R&R was entered).
[24] *Emrit v. Musk et al.*, No. 2:25-cv-25, Compl. ECF No. 1 (D. Utah Jan 10, 2025).
[25] *Emrit v. United States Patent and Trademark Office et al*, No. 2:25-cv-00723-DBB, Compl. ECF No. 1 (D. Utah Aug. 26, 2025).
[26] *Emrit v. Obama et al*, No. 2:26-cv-00207-HCN-DBP, Compl. ECF No. 1 (D. Utah Mar. 13, 2026).

The court now establishes the following filing restrictions and provides Mr. Emrit with guidelines as to what he must do to obtain permission to file an action.

Plaintiff will be enjoined from initiating further litigation in this court unless either a licensed attorney who is admitted to practice before this court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. To obtain permission to proceed *pro se* in this court, Plaintiff must take the following steps:

1. Pay the full filing fee or file a motion to proceed in forma pauperis; and

2. File with the Clerk of Court a "Motion for Leave to File a *Pro Se* Initial Pleading." The motion must include the following attachments:

   a. A copy of court's order imposing filing restrictions;

   b. The proposed initial pleading;

   c. A notarized affidavit or declaration, in proper legal form that:

      i. recites the claims that Plaintiff seeks to present, including a short discussion of the legal basis of the claims and the basis for the court's jurisdiction over the subject matter and parties;

      ii. certifies that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; his claims are warranted by existing law or have a good faith argument for the extension, modification, or reversal of existing law; his new lawsuit is not initiated for any improper purpose; and he will comply with all applicable rules, including the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules; and

5

iii.    certifies that, if Plaintiff's claims have previously been raised or if he has previously sued the named defendants, the proposed new lawsuit does not present the same claims that this or any other court has decided and explains why the new suit would not be an abuse of the legal system.

d.  A list, including case name and case number, of Plaintiff's pending and previously filed cases in this court, which must include a statement indicating the status or disposition of each case; and

e.  A list, including case name and case number, of all outstanding injunctions, contempt orders, or other judicial directions limiting Plaintiff's access to state or federal courts, including orders and injunctions requiring Plaintiff to be represented by an attorney.

If Mr. Emrit complies with these restrictions, the clerk of court will open a new civil case and file the motion in that case. Any such case should be directly assigned to the chief district judge and referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) for review. If the magistrate judge determines that Mr. Emrit's motion should be granted, that judge will enter an order indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules. If the magistrate judge determines that Mr. Emrit's motion should be denied, that judge will issue a Report and Recommendation to the chief district judge. In that instance, the case will be permitted to proceed only with the chief district judge's approval.

## ORDER

The [10] Report and Recommendation is ADOPTED. Plaintiff's claims are DISMISSED. Furthermore, Plaintiff shall have fourteen (14) days from the date of this order to file an

6

objection and show cause why the court should not enter the filing restrictions described above.

If plaintiff does not file a timely objection, the proposed filing restrictions shall take effect

fourteen (14) days from the date of this order.

Signed July 9, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

7